UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE:
Anastacio Delacruz

CASE NO: 18-50015 K

**Debtor**

TRUSTEE'S OBJECTION TO CONFIRMATION OF
DEBTOR'S CHAPTER 13 PLAN

NOW COMES, Mary K. Viegelahn, Chapter 13 Trustee in the above captioned case, and files this Objection to Confirmation of Debtor's Chapter 13 Plan. In support thereof, the Trustee would show the Court the following:

1. On January 02, 2018, the above named Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

2. The Chapter 13 meeting of creditors pursuant to 11 U.S.C. § 341(a) ("341 meeting") was concluded on **March 21, 2018**.

3. The Trustee asserts that the Debtor's plan fails to select a method of plan payment in section 2.1. The Trustee submits that the Debtor's plan needs to be amended to select a method for plan payment. The Trustee further asserts that the Debtor's plan indicates the total attorney fees are $2,600.00 in section 7.1. The Total attorney fees are actually $3,600.00. The Trustee submits that the Debtors' plan needs to be amended to provide for total attorney fees of $3,600.00. The Trustee further asserts that the Debtor's plan contains a nonstandard provision in section 8 entitled "Conduit/Ongoing Mortgage". The Western District Plan already provides for treatment of conduit payments and the additional language is in conflict with the Western District Plan. The Trustee submits that the Debtor's plan should be amended to remove the nonstandard plan provision in section 8 regarding conduit mortgages. In addition the Trustee asserts that the Debtor's plan provides for payment of a 2006 Toyota Tacoma financed by United Auto Credit. The Debtor's plan does not provide for an equal monthly payment. The Trustee submits that the Debtor's plan needs to be amended to provide for an equal monthly payment for United Auto Credit for the 2006 Toyota Tacoma. Finally, the Trustee asserts that the Debtor's plan is 53 months in length. The Debtor is not proposing a 100% plan and the Applicable Commitment Period is 5 years or 60 months. The Trustee submits that the Debtor's plan needs to be amended to provide for a plan length of 60 months.

4. The Trustee asserts the Debtor testified he has new employment. Upon information and belief the Debtor testified at his 341 hearing that his new employment is with Blue Steer Truck Wash. He will be a shift manager and will be paid $14.00 an hour and work 40 hours a week. The Trustee submits the Debtor needs to amend Schedule I to provide for Debtor's new employment. The Debtor also needs to provide all pay information received since the new employment began to verify the new income on Schedule I. The Trustee submits that pursuant to 11 U.S.C. §1325(b)(1)(B), "the court may not approve a plan unless, as of the effective date of the plan-(B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors during the plan." Without the Debtor's amended Schedule I and proof of new income, the Trustee cannot determine if all of the Debtor's projected disposable income is

being paid into the plan.

5. The Trustee asserts the Debtor has failed to provide current pay information for his non-filing spouse at the First Meeting of Creditors as required by Bankruptcy Rule 4002(b)(2)(A). The Trustee needs the current pay stubs for the non-filing spouse to verify the income on Schedule I and determine if the Debtor has proposed all of the monthly income to be paid into the plan. The Trustee submits that pursuant to 11 U.S.C. §1325(b)(1)(B), "the court may not approve a plan unless, as of the effective date of the plan-(B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors during the plan." Without the Debtor's proof of income for the non-filing spouse, the Trustee cannot determine if all of the Debtor's projected disposable income is being paid into the plan.

6. The Trustee asserts the Debtor's non-filing spouse has a 401(k) loan payment of $85.45 monthly that may be paid in full during the plan. The Trustee submits the Debtor needs to provide for a step payment increase to the plan payment if it is paid in full. The Debtor also needs to provide proof of the exact date when the loan will be paid in full. The Trustee submits that pursuant to 11 U.S.C. §1325(b)(1)(B), "the court may not approve a plan unless, as of the effective date of the plan-(B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors during the plan." A step payment increase in the plan payment is required to ensure all of the Debtor's projected disposable income is to be paid into the plan.

7. The Trustee asserts that the Debtor's plan payment is $1,300.00. However the Debtor's Schedule J has disposable income of $4,084.57. The Debtor has not proposed a 100% plan and therefore all of the Debtor's disposable income on Schedule J needs to be paid into the plan. The Debtor's plan is currently not even feasible. With a plan payment of $4,084.57 monthly, the Debtor could pay all general unsecured creditors 100% in 21 months. The Debtor's plan would pay 100% in 60 months with a plan payment of $1,956.00 monthly. To the extent the Debtor wants to pay 100% to the general unsecured creditors but does not want to pay in all of the disposable income, the Trustee submits that the Debtor's plan must include the Molina language which states: : "The Plan as currently proposed pays a 100% dividend to unsecured claims. The Debtor(s) shall not seek modification of this Plan unless said modification also pays a 100% dividend to unsecured claims. Additionally, should this Plan ever fail to pay a 100% dividend to unsecured claims, the Debtor(s) will modify the Plan to continue paying a 100% dividend. If the Plan fails to pay all allowed claims in full, the Debtor(s) will not receive a discharge in this case." The Trustee further submits that the Trustee will further review this issue once the Debtor has amended his Schedules I and J with his new employment.

8. The Trustee asserts that the Monthly Disposable Income on line 45 of Form 122C-1 is $1,517.76. The Monthly Disposable Income would indicate a payment of $91,065.50 to the general unsecured creditors. However, since the general unsecured debt only totals approximately $20,804.36 past the bar date, the Debtor's plan should provide for a 100% dividend to the general unsecured creditors. The Debtor's plan is currently paying approximately $0.00 to the general unsecured creditors since it is currently infeasible. The Trustee submits the Debtor's plan should be amended to pay the general unsecured creditors a dividend of 100%. The Trustee would request a copy of the Debtor's 2017 tax return. Upon information and belief the Debtor stated at his 341 hearing that he believes he will owe taxes for 2017. The Trustee cannot recommend Confirmation for all the reasons stated above and reserves her right to amend her objection to Confirmation.

**WHEREFORE, PREMISES CONSIDERED**, the Trustee requests that, the Court deny confirmation of the Debtor(s)' Chapter 13 plan as it fails to meet the requirements set forth in 11 U.S.C. §§ 1325(a)(1), (a)(3) and (b)(1)(B), dismiss Debtor(s)' Chapter 13 case; and for such other relief as the Court find just and equitable.

Date: April 09, 2018

/S/
_____
DAVID W. VAN ZYL  P39875 (MI)
STAFF ATTORNEY FOR THE CHAPTER 13 TRUSTEE
dvanzyl@sach13.com
10500 Heritage Blvd, Ste. 201
San Antonio, TX  78216
(210) 824-1460  fax:(210) 824-1328

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE:                                                      CHAPTER 13

**Anastacio Delacruz**

DEBTOR(S)                                  CASE NO.: **18-50015 K**

**CERTIFICATE OF SERVICE**
-----------------------------------------

I hereby certify that a copy of the attached document was served on the parties listed below by U.S. Mail or served electronically through the Court's ECF System at the e-mail address registered with the Court on **April 09, 2018**.

Debtor(s):

| | | | |
|---|---|---|---|
| Anastacio Delacruz<br>265 Martin Drive<br>Carrizo Springs, TX 78834 | Acceptance Now<br>5501 Headquarters Dr<br>Plano, TX 75024-5837 | Commonwealth Financial<br>245 Main St<br>Dickson City, PA 18519-1641 | Credit Systems International, Inc.<br>1277 Country Club Ln.<br>Fort Worth, TX 76112 |
| First Premier Bank<br>601 S Minnesota Ave<br>Sioux Falls, SD 57104-4824 | AMERICREDIT FINANCIAL SERVICES, INC.<br>DBA GM FINANCIAL<br>P O BOX 183853<br>ARLINGTON, TX 76096 | IC Systems, Inc.<br>Po Box 64378<br>Saint Paul, MN 55164-0378 | Medi-Comm Services<br>2514 82nd St Ste B<br>Lubbock, TX 79423-2204 |
| Paramount Recovery Systems<br>105 Deanna St<br>Robinson, TX 76706-5319 | UNITED AUTO CREDIT CORPORATION<br>P O BOX 845736<br>LOS ANGELES, CA 90084 | WESTLAKE FINANCIAL SERVICES<br>4751 WILSHIRE BLVD #100<br>LOS ANGELES, CA 90010 | Attorney For Debtor(s)<br>Crosland Law Firm<br>Crosland<br>320 Decker Dr Ste 100<br>Irving, TX 75062 |
| 21ST MORTGAGE CORPORATION<br>P O BOX 477<br>KNOXVILL, TN 37901 | 21ST MORTGAGE CORPORATION<br>P O BOX 477<br>ATTENTION: SANDRA P BRANDAN BANKRPUTCY COORDINATOR<br>KNOXVILLE, TN 51901 | WESTLAKE FINANCIAL SERVICES<br>ATTN: SALLY BELTRAN<br>4751 WILSHIRE BLVD<br>SUITE 100<br>LOS ANGELES, CA 90010 | SECURITY FINANCE DBA SFCTX<br>SFC CENTRAL BANKRUPTCY & RECOVERY DEPT<br>P O BOX 1893<br>SPARTANBURG, SC 29304 |
| SFC CENTRAL BANKRUPTCY<br>ATTN: LESLIE A McDOWELL<br>PO BOX 1893<br>SPARTANBURG, SC 29304 | AMERICREDIT FINANCIAL SERVICES, INC. DBA GM FINANCIAL<br>ATTN: MANDY YOUNGBLOOD<br>PO BOX 183853<br>ARLINGTON, TX 76096 | 13/7 LLC<br>P O BOX 1931<br>BURLINGAME, CA 94011 | LUNDQUIST CONSULTING, INC.<br>ATTN: LARRY YIP<br>P O BOX 1931<br>BURLINGAME, CA 94011 |
| UNITED AUTO CREDIT CORPORATION<br>ATTN: TAMIKA CHEW<br>P O BOX 163049<br>FORT WORTH, TX 76161 | AT&T Mobility II LLC<br>%AT&T SERVICES INC.<br>KAREN A. CAVAGNARO - PARALEGAL<br>ONE AT&T WAY, SUITE 3A104<br>BEDMINSTER, NJ 07921 | AT&T MOBILITY II LLC<br>ATTN: COQUISE S PRICE<br>P O BOX 769<br>ARLINGTON, TX 76004 | |

/S/
_____
DAVID W. VAN ZYL